862 F.2d 871
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth B. MILTON, Defendant-Appellant.
 No. 88-5051.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1988.
Decided: Nov. 14, 1988.
 
 Raymond Bruce Long, for appellant.
 Walter Jan Brudzinski, Special Assistant United States Attorney (Harvey L. Bryant, Assistant United States Attorney; Robert W. Wiechering, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth B. Milton appeals his convictions on four counts of theft of property belonging to the United States, and one count of disposing of property of the United States without authority, all in violation of 18 U.S.C. Sec. 641. He claims error by the district court: (1) in refusing to charge the jury that if the government had the ability "to produce stronger and more satisfactory evidence than that offered on any material point, you should distrust any weaker and less satisfactory evidence offered by it"; (2) in its exclusion of evidence of good character; (3) in not granting appellant's motion for judgment of acquittal; and (4) in its conduct of the trial "by becoming too involved in the prosecution of the defendant." Finding no merit in any of these exceptions, we affirm.
 
 
 2
 Appellant was a chief petty officer in the United States Coast Guard and was stationed at the Reserve Training Center in Yorktown, Virginia. He was in charge of the motor pool, and in connection therewith, he was authorized to purchase parts, tools and supplies from various commercial sources. Appellant in his free time, operated a business, known as "Chiefs", through which he engaged in selling, installing and repairing heating and air-conditioning equipment. The testimony of the various government witnesses, many of whom served with the appellant in the Coast Guard, was sufficient to prove beyond a reasonable doubt the various charges upon which he was convicted. Under Glasser v. United States, 315 U.S. 60 (1942) the appellate court must consider the evidence in the light most favorable to the government and then determine whether a rational trier of fact could have found the essential elements of each crime to have been proved beyond a reasonable doubt. The evidence in the present case easily met the Glasser standard.
 
 
 3
 Appellant's claim of error in the refusal of the court to instruct the jury that if the government had the ability to produce stronger and more satisfactory evidence than had been offered on any material point, the jury should distrust any weaker and less satisfactory evidence presented by the government, is without merit. There was no error in failing to give this charge, because it does not state good law. The appellant's real complaint is that the government never executed a search warrant of his home or business in an effort to find the articles of property allegedly stolen from the United States. He argues that the failure of the government to search his premises weakens the government's case. This may be true, but this is a matter for jury argument, and it does not require the requested jury instruction. The only authority appellant cites in support of the requested charge is not applicable, because it relates to a "missing witness". This "missing witness" charge does not apply to the present facts. To obtain such a charge it is necessary to show that it is peculiarly within the power of the other party to produce a material witness; it does not apply to the failurre to produce articles of personal property. There has been no showing that it was within the power of the government to produce the stolen articles by search of the appellant's premises or otherwise.
 
 
 4
 In dealing with evidence of good character, the appellant attempted to prove his reputation, and his efforts were met by objections, which were sustained because of the lack of a proper foundation. The trial judge followed Michelson v. United States, 335 U.S. 469, 478-79 (1948) which explains reputation evidence and the need for a proper foundation as follows:
 
 
 5
 However, the witness must qualify to give an opinion by showing such acquaintance with a defendant, the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded. To require affirmative knowledge of the reputation may seem inconsistent with the latitude given to the witness to testify when all he can say of reputation is that he has 'heard nothing against the defendant'. This is permitted upon assumption that, if no ill is reported of one, his reputation must be good. But this answer is accepted only from a witness whose knowledge of defendant's habitat and surroundings is intimate enough so that his failure to hear of any relevant ill repute is an assurance that no ugly rumors were about.
 
 
 6
 Thus the law extends helpful but illogical options to the defendant. Experience taught a necessity that they be counterweighted with equally illogical conditions to keep the advantage from becoming an unfair and unreasonable one. The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. ..... Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans.
 
 
 7
 In rejecting some and restricting other testimony as to reputation, the trial judge explained his reasons, and we can find no abuse of discretion in these rulings. The appellant did not attempt to produce opinion evidence from the witnesses, but sought instead to prove reputation, which is a more difficult undertaking.
 
 
 8
 We find no abuse of discretion in the trial judge's handling of the case and no evidence that he became too involved in the prosecution of the case.
 
 
 9
 AFFIRMED.